UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

PETER J. MESSITTE6500 CHERRYWOOD LANE
UNITED STATES DISTRICT JUDGEGREENBELT, MARYLAND 20770
301-344-0632

## MEMORANDUM

TO:Counsel of Record

FROM:Judge Peter J. Messitte

RE:Dudley, et al. v. Allstate Property Insurance Company.
No. 24-cv-612

DATE:August 8, 2024

\* \* \*

In this insurance dispute, Plaintiffs James and Rosie Dudley have filed a Motion to Compel Appraisal and Stay Litigation Pending Appraisal (ECF No. 18). Allstate has filed a response (ECF No. 19), the Dudleys have filed a reply (ECF No. 20), and Allstate has filed a Motion for Leave to File Surreply (ECF No. 21) (which the Court has granted).

The Dudleys' Motion asks the Court to compel an appraisal of their home to determine the amount of loss allegedly caused by either fire or storm damage (their Complaint is not clear as to which). Allstate's Motion for Leave to File Surreply seeks to clarify the record with respect to which claim forms the basis of the Dudleys' suit. Setting aside that confusion, Allstate opposes the Dudleys' Motion on the grounds that Maryland law does not permit enforcement of an arbitration provision in an insurance contract.

Given the obvious lack of clarity in the Dudleys' Complaint regarding *which* insurance claim (one filed for fire damage, the other filed for storm damage) forms the basis of their suit, the Court concludes that it would be premature, at this stage, to compel an appraisal, even if one were otherwise warranted.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** the Dudleys' Motion to Compel Appraisal and Stay Litigation Pending Appraisal (ECF No. 18). The Dudleys are **GRANTED LEAVE** to file a Motion for Leave to Amend their Complaint within the next thirty (30) days to clarify which claim or claims they are pursuing here. Allstate may, of course, oppose the Motion for Leave to Amend in due course.

Separately, the Court notes that Allstate's argument in opposition to the Motion to Compel Appraisal, which is based in part on Maryland's approach to *arbitration* provisions, has already been rejected by a Judge of this Court. *See Thompson v. Allstate Prop. & Cas. Ins. Co.*, 2024 U.S. Dist. LEXIS 111188 (D. Md. Jun. 25, 2024). While this member of the Court is not bound by that decision, defense counsel certainly had an obligation to bring that decision to this Court's attention.

Md. R. Attorneys, Rule 19-303.3; *see Massey v. Prince George's County*, 918 F. Supp. 905 (D. Md. 1996). However, the argument is in fact precluded by the statutory text Allstate itself invokes: "(1) Except as provided in paragraph (2) of this subsection, any provision in an insurance contract with a consumer that requires arbitration is void and unenforceable. *(2) This subsection does not apply to a provision that establishes an appraisal process to determine the value of property*." Md. Code Ann., Cts. & Jud. Proc. § 3-206.1(b). If and when the Dudleys seek to compel an appraisal in the future, Allstate is cautioned that the Court will view Allstate's present argument, if raised again, with skepticism. *See* Fed. R. Civ. P. 11(b)(2) (providing that attorneys must certify that all arguments made are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law.").

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

/s/ Peter J. Messitte
United States District Judge

CC:   Court file
      Counsel of Record